## THE EUGENIA EMILIA.

(District Court, D. Massachusetts. February 8, 1924.)

No. 2380.

**1. Customs duties ☜135—Persons furnishing materials and services and making advances held entitled to priority over United States to proceeds of vessel forfeited for illegal importation of cocaine and intoxicating liquor.**

Materialmen and persons advancing money or furnishing services to vessel forfeited to United States for illegal importation of cocaine and intoxicating liquor *held* entitled to priority over United States to proceeds of sale of vessel.

**2. Customs duties ☜135—Master held to have no lien for services to vessel forfeited to United States for illegal importation of cocaine and intoxicating liquor.**

Rule that master under certain circumstances has lien for services when owner is abroad *held* not applicable where vessel was forfeited to United States for illegal importation of cocaine and intoxicating liquor.

**3. Customs duties ☜135—Claims for nonmaritime services to vessel forfeited to United States disallowed.**

Nonmaritime claims for services to vessel, including claim by immigration commissioner in deporting aliens unlawfully brought over on vessel, and one for rent of hall, to proceeds of sale of vessel forfeited to United States for illegal importation of cocaine and intoxicating liquor, *held* not to be allowed.

**4. Customs duties ☜135—Claims against vessel forfeited to United States allowed in reverse order of rendition.**

Claims for services, advances, and supplies furnished vessel forfeited to United States will be allowed in reverse order of their rendition.

Forfeiture proceeding by the United States against the bark Eugenia Emilia, involving claims to proceeds in registry arising from sale of vessel forfeited to United States for illegal importation of cocaine and intoxicating liquor. Certain claims determined, and case sent to master to determine priorities of others.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Joseph T. Kenney, of New Bedford, Mass., for petitioner New Bedford Towboat Co.

Alfred J. Gomes, of New Bedford, Mass., for petitioner Cruz.

Wendell P. Murray, of Boston, Mass., for petitioner Hammett.

Blodgett, Jones, Burnham & Bingham, of Boston, Mass., for petitioners Keegan and others.

John P. Leary, of New Bedford, Mass., for petitioners Sylvia & Taber.

John H. Backus and James F. Meagher, both of Boston, Mass., for petitioners Beckman Co. and De Macido.

Timothy F. O'Brien, of New Bedford, Mass., for petitioner Morelli.

Joseph T. Kenney, of New Bedford, Mass., for petitioner N. B. Storage Warehouse Co.

Robert A. Terry, of New Bedford, Mass., for petitioner Veeder.

John E. Macy, of Boston, Mass., for petitioner Simpson.

Henry E. Woodward, of New Bedford, Mass., for petitioners Santos and others.

LOWELL, District Judge. [1] This vessel was forfeited to the United States for illegal importation of cocaine and intoxicating liquor. There are several claimants, including the United States of America, to the proceeds in the registry arising from the sale of the vessel. I rule that the materialmen and those advancing money or furnishing services have a right to this fund prior to the claim of the United States. The St. Jago de Cuba, 9 Wheat. 409, 6 L. Ed. 122; North American Commercial Co. v. U. S., 81 Fed. 748, 26 C. C. A. 591.

[2] It is admitted that Capt. Hammett should receive $50 for the use of his chronometer. This sum I allow. I refuse him any further compensation. The Nebraska, 75 Fed. 598, 21 C. C. A. 448. While it is true that under certain circumstances a master is given a lien when the owner is on board, as he was in the case at bar, I do not think that the present case is one where an exception to the general rule should be made.

[3, 4] Certain claims for nonmaritime services or expenses are refused. These include a claim by the immigration commissioner for expenses in deporting aliens who were wrongfully brought over on the vessel, aand also a claim of the New Bedford Storage Warehouse Company for the rent of a hall. The other claims for services, advances, or supplies will be allowed in the reverse order of their rendition. Hughes, Admiralty (2d Ed.) p. 391.

I am in doubt as to the dates of the furnishing by the other claimants of their services, advances, or supplies. The case may be sent to a master to determine the priorities of the remaining claimants.