### THE MARINER.

(District Court, D. Massachusetts. April 10, 1924.)

#### No. 2351.

Shipping &⟶69—Master, who exercises ordinary duties, has no lien for wages.
        A master, exercising his ordinary duties at sea, though his powers may be greatly restricted, and he may have no control over the funds, has no lien for his wages.

In Admiralty. Libel by the New London Ship & Engine Company against the motor ship Mariner. On intervening petition of one Griffin and one Shea. Petitions denied.

E. E. Blodgett (of Blodgett, Jones, Burnham & Bingham), of Boston, Mass., for libelant and petitioners King and others.

R. Chandler Davis, of Gloucester, Mass., for petitioner Gorton-Pew Fisheries Co.

Walter H. Watson, of Boston, Mass., for John McDonald and others.

Clarence A. Barnes, of Boston, Mass., for Boston Harbor Oil Co.

Foye M. Murphy, of Boston, Mass., for Ross Towboat Co.

Edgar S. Taft, of Gloucester, Mass., for Lewis & Walsh, Charles Daly and Edward Carrigan, and others.

Ham, Willard & Taylor, of Boston, Mass., for United Fisheries Co.

John J. Hayes, of Boston, Mass., for John A. Shea.

Merton L. Brown, of Boston, Mass., for Blake El. Mfg. Co.

Joseph Wiggin, of Boston, Mass., for Atlantic Works.

J. D. Taylor and Walter H. Watson, both of Boston, Mass., for Robert Hines.

MORTON, District Judge. These are two intervening petitions by Griffin and Shea, who were masters of the Mariner, asserting maritime liens for their wages. She was a beam trawler; the petitioners were hired by her owners at fixed wages plus a commission on the

catch. The masters had nothing to do with selling the catch or purchasing supplies, nor did they handle any of the money. All that work was done by representatives of the owners, under whose direction the fish were sold and the voyages settled. The master had full command of the vessel when at sea, and decided where she should go and on what grounds she should fish.

It is said for the plaintiffs that on such facts the old reasons for refusing a lien to the master for wages no longer apply. As an original question there would be a good deal of force to this contention; but the law is settled that, although his powers may be greatly restricted and he may have no control over the funds, a master who in fact exercises the ordinary duties of a master at sea has no lien for his wages. The Nebraska, 75 Fed. 598, 21 C. C. A. 448 (C. C. A. 7th); The Eugenia Emilia, 298 Fed. 340 (District Court, Mass., February 8, 1924). As applied to modern conditions, the rule is too strict, and is often, as here, unjust; but a court of first instance must take the established law as it finds it.