## THE AUGUSTA W. SNOW.

### THURLOW v. CROWNINSHIELD SHIP-BUILDING CO.

#### No. 2489.

Circuit Court of Appeals, First Circuit.

Feb. 11, 1931.

John W. Lowrance, of Boston, Mass. (Nathan W. Thompson, of Portland, Me., on the brief), for appellant.

Charles S. Bolster and Seymour P. Edgerton (both of Burnham, Bingham, Gould & Murphy), both of Boston, Mass., for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

ANDERSON, Circuit Judge.

This is an appeal from a decree of the District Court, holding the vessel Augusta W. Snow subject to a maritime lien for the payment of repairs on her. In March, 1929, this vessel was delivered to one Court by the appellant, under an agreement of sale of which the present pertinent provisions read:

"5. You to take delivery of the vessel at Boothbay Harbor, Maine, and to pay all expense of upkeep, repairs, fittings, etc.

"6. It is our understanding that you have inspected the vessel and have taken her as is and where is, and that any bills incurred against the vessel from this date, such as re-pairs, painting, sails, drydocking, etc., are for your account."

In July or August, 1929, Court applied to the libelant for repairs on the vessel. He then said that he was the owner.

The applicable statutes are sections 971, 972, and 973 of title 46, USCA (Act of June 5, 1920, c. 250, § 30, subsections P, Q, and R, 41 Stat. 1005). These statutes read as follows:

"§ 971. Any person furnishing repairs, supplies, * * * use of dry dock or marine railway, or other necessaries, to any vessel, * * * upon the order of the owner of such vessel, or of a person authorized by the owner, shall have a maritime lien on the vessel, * * * and it shall not be necessary to allege or prove that credit was given to the vessel.

"§ 972. The following persons shall be presumed to have authority from the owner to procure repairs, supplies, * * * use of dry dock or marine railway, and other necessaries for the vessel: The managing owner, ship's husband, master, or any person to whom the management of the vessel at the port of supply is intrusted. * * *

"§ 973. The officers and agents of a vessel specified in section 972, shall be taken to include such officers and agents when appointed by a charterer, by an owner pro hac vice, or by an agreed purchaser in possession of the vessel; but nothing in this chapter shall be construed to confer a lien when the furnisher knew, or by exercise of reasonable diligence could have ascertained, that because of the terms of a charter party, agreement for sale of the vessel, or for any other reason, the person ordering the repairs, supplies, or other necessaries was without authority to bind the vessel therefor."

The appellant's contentions are that section 973, supra, required the libelant to make inquiry—not accepting Court's assurances that he was the owner—and that inquiry would have shown that Court was not the owner, but was simply the possessor, with a conditional title which did not permit him to subject the vessel to the ordinary lien. Assuming, but not deciding, that the libelant should have taken some steps to verify the assurances of Court that he was the owner, an examination of the vessel's papers would not have shown that Court was not permitted to subject the vessel to lien. The fair import of the words in paragraph 6, supra, "any bills incurred against the vessel," are that the vendor (claimant) understood and agreed

that Court should have the usual power to get repairs, supplies, etc., on the credit of the schooner. Support is lent to this view by language used on December 3, 1929, when claimant took possession of the vessel for Court's failure to fulfill the conditions of the May agreement—"all bills contracted on the schooner * * * up to this date are to be paid for by the said Manuel Court." The claimant, as selling owner, may well have intended not to deprive his conditional vendee of credit to obtain repairs essential for the vessel's safety. At any rate, he did not.

The court below correctly held the case governed by the doctrine of The South Coast, 251 U. S. 519, 40 S. Ct. 233, 64 L. Ed. 386, and not by that of United States v. Carver, 260 U. S. 482, 43 S. Ct. 181, 67 L. Ed. 361.

The decree of the District Court is affirmed, with costs to the appellee.