**JACKMAN v. UNITED STATES.**

No. 2546.

Circuit Court of Appeals, First Circuit.

Dec. 17, 1931.

Alfred W. Ingalls, of Boston, Mass., for appellant.

Charles H. Eden, Asst. U. S. Atty., of Providence, R. I. (Henry M. Boss, Jr., U. S. Atty., of Providence, R. I., on the brief), for the United States.

Before BINGHAM and WILSON, Circuit Judges, and MORRIS, District Judge.

BINGHAM, Circuit Judge.

October 15, 1930, the United States brought a libel in the District Court for Rhode Island to have condemned as forfeited to it the American Gas Screw Overland, her engines, tackle, apparel, furniture, and equipment for a violation of section 4377 of the Revised Statutes (46 USCA § 325) and of section 453 of the Tariff Act of 1930 (19 USCA § 1453).

On October 29, 1930, the appellant, Jackman, filed an intervening petition in the forfeiture proceeding against the Overland, in which he alleged and claimed a maritime lien on the vessel, her engines, boats, tackle, etc., for $1,323.10; that the machinery, equipment, service, repairs, and supplies were rendered and furnished to said vessel prior to the time or times the cause or causes of forfeiture alleged in the libel arose, and without any knowledge on the part of the petitioner as to the nature of the business the owner intended the vessel should engage. His prayer was that he be admitted as a party to the cause; that his right to a lien be established; that the same take precedence over the claim of the United States for penalties and forfeiture; and that the vessel be sold to satisfy the claim.

On December 23, 1930, the District Court entered a decree of forfeiture in the libel suit (recently affirmed in this court), on the grounds: (1) That the Overland was employed in a trade other than that for which she was licensed, in violation of section 4377 (46 USCA § 325); and (2) in that she unlawfully unladed merchandise without a special license or permit therefor, which merchandise was of the value of more than $500, in violation of Section 453 (19 USCA § 1453), but stayed the enforcement of the decree until after determination of the rights of the intervenor.

On December 29, 1930, the petition to intervene was heard, and on that day it was ordered and decreed that the petition be denied on the ground that "the right of lien was precluded by decree entered on behalf of the United States" forfeiting the vessel, to which ruling the intervenor excepted and appealed.

The error assigned is that the court erred in denying the petition to intervene.

From the foregoing, it appears that the intervening petition was denied on the ground that, even though the petitioner may have had a valid maritime lien on the Overland, and may have been an innocent lienor, the vessel being forfeited for a violation of Section 4377 of the Revised Statutes, and Section 453 of the Tariff Act, he could not, as a matter of law, enforce his lien and have

228

it satisfied out of the vessel or her proceeds. It is therefore apparent that the District Court did not find the facts from which it could be determined whether the intervenor had or had not a valid maritime lien, or whether he was or was not an innocent lienor.

The petitioner contends that the ruling was wrong and, in this court, it is now conceded by the United States that it was wrong; that one may have a valid maritime lien for furnishing labor, repairs, and supplies to a vessel to enable her to go to sea, and that the enforcement of such lien by an innocent lienor, against the vessel or her proceeds, is not precluded because she later subjects herself to forfeiture for a violation of law. This is apparently the law. See St. Jago de Cuba, 9 Wheat. 409, 6 L. Ed. 122; The Thomaston (D. C.) 26 F.(2d) 279; North American Commercial Co. v. United States (C. C. A.) 81 F. 748; The Eugenia Emilia (D. C.) 298 F. 340; The Minnie V. (D. C.) 24 F.(2d) 604.

There is in the case what is called an agreed statement of facts relating to the lien, but the statement is of an incomplete nature and the District Court, whose duty it is in the first instance to determine the facts, not having done so, we think justice requires that the decree should be vacated and the case remanded to that court for determination of the facts relating to the lien. See Thurlow v. Crowninshield Shipbuilding Co. (C. C. A.) 46 F.(2d) 992, and cases there cited.

The decree of the District Court is vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion.